IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RAMON CONTRERAS**
7 Ivy Oak Ct.
Gaithersburg, MD 20877

    Plaintiff

v.                                                                  Case Number:

**7311 GEORGIA AVENUE, LLC t/a**
  **ANGELICO PIZZERIA**
4529 Wisconsin Avenue, NW
Washington, D.C. 20016

**ANGELICO, LLC t/a ANGELICO**
  **PIZZERIA**
2313 Wisconsin Ave NW
Suite 2
Washington, D.C.  20007

    Defendants

## COMPLAINT

COMES NOW Ramon Contreras ("Plaintiff"), by and through undersigned counsel, and brings this suit against 7311 Georgia Avenue, LLC and Angelico, LLC ("Defendant"), and for grounds states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a natural person who currently resides in Montgomery County Maryland and, at all times relevant to the allegations of this Complaint, was employed by the Defendant at its 7311 Georgia Avenue location in the District of Columbia.

2. 7311 Georgia Avenue, LLC is a corporation which maintains its principal place of business in the District of Columbia.  Angelico, LLC is a corporation which maintains its principal place

of business in the District of Columbia. 7311 Georgia Avenue, LLC and Angelico, LLC constitute a single enterprise and, as such, will be referenced in this Complaint as a single Defendant.

3. The Plaintiff brings suit against the Defendant for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA") and DC Code 32-1001 *et seq.*

4. Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendant, proper subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. 1331, and 28 U.S.C. 1367, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. The Plaintiff commenced employment with the Defendant in August of 2007 as a cook at one of the pizzerias owned by the Defendant in Washington, D.C.

6. The Plaintiff's last day of work with the Defendant was on December 11, 2014.

7. During the period beginning January 16, 2012 and ending on December 7, 2014 ("claimed period"), the Plaintiff worked 2,390 hours of overtime.

8. The Defendant had full knowledge of the overtime hours which the Plaintiff worked during the claimed period as, among other things, the Plaintiff clocked in and out each shift he worked.

9. Throughout the claimed period, the Plaintiff was paid by way of an hourly rate which ranged between $11.00/hour and $12.00/hour.

10. Throughout the claimed period, the Plaintiff was paid his hourly rate for each hour the Plaintiff worked, including each of the overtime hours.

11. Throughout the claimed period, the Plaintiff was not paid the overtime premium rate (additional ½ hourly rate) for each overtime hour worked.

12. Pursuant to the preceding paragraphs, Plaintiff claims $13,742.50 in unpaid overtime.

## COUNT I

### Violations of the Fair Labor Standards Act: Unpaid Overtime

13. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

14. The Defendant violated 29 U.S.C. § 207 by failing to properly pay the Plaintiff overtime during the claimed period.

15. Throughout the claimed period, the Plaintiff was in an employer/employee relationship with the Defendant and qualified as an "Employee" pursuant to 29 U.S.C. § 203(e)(1).

16. Throughout the claimed period, the Defendant qualified as an "employer" pursuant to 29 U.S.C. § 203(d) and as an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s).

17. The Defendant's failure to pay overtime to the Plaintiff was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiff demands judgment against the Defendant for unpaid overtime during the claimed period, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

## COUNT II
### Violations of D.C. Code 32-1001 *et seq.* - Unpaid Overtime

18. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

19. The Defendant violated D.C. Code 32-1001 *et seq.* by failing to properly pay the Plaintiff

overtime during the claimed period.

20. Throughout the claimed period, the Plaintiff was in an employer/employee relationship with the Defendant and qualified as an "Employee" pursuant to D.C. Code §32-1002(2).

21. Throughout the claimed period, the Defendant qualified as an "employer" pursuant to D.C. Code §32-1002(3).

22. The Defendant's failure to pay overtime to the Plaintiff was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiff demands judgment against the Defendant for unpaid overtime during the claimed period, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By: _____
Mitchell I. Batt, Bar No. 444751
Attorney for Plaintiffs
77 S. Washington Street
Suite 304
Rockville, Maryland 20850
(301) 340-2450 x13